1

2

3

4                          UNITED STATES DISTRICT COURT

5                               DISTRICT OF NEVADA

6                                      * * *

7    UNITED STATES OF AMERICA,                    Case No. 2:17-CR-287 JCM (VCF)

8                            Plaintiff(s),                       ORDER

9            v.

10   CHANH TRINH, et al.,

11                           Defendant(s).

12

13         Presently before the court is Chanh V. Trinh's second pro se motion for

14   compassionate release under the First Step Act.  (ECF No. 109).  The FPD did not file a

15   supplement or notice of non-supplementation.  (*See* ECF No. 107 (appointing the FPD

16   pursuant to this court's Amended General Order 2020-06)).

17         Trinh is serving a 102-month prison sentence for conspiring to defraud the United

18   States of approximately $6 million dollars.  (ECF No. 90).  The seven-year scheme centered

19   on Trinh filing false tax returns and seeking large refunds based on false claims of previously

20   paid taxes.  Trinh enlisted his father and sister, co-defendants Cannedy Trinh and Elizabeth

21   Trinh, into the scheme.  This was Trinh's second federal fraud conviction:  In 1998, Trinh

22   was sentenced to 78 months in prison for organizing a credit card fraud conspiracy that used

23   600 stolen credit cards to obtain over $500,000 in stolen money.  (ECF No. 103 at 2).

24         This court previously denied compassionate release in June 2020 because Trinh had

25   served only 11 months of his 102-month sentence, a sentence that he agreed to in plea

26   negotiations.  (ECF No. 105 at 4).  Trinh's second request for compassionate release is

27   denied on the same grounds.  Serving such a small fraction of a 102-month sentence would

28

**James C. Mahan**
**U.S. District Judge**

1   not reflect the seriousness of Trinh's fraud scheme nor provide just punishment or adequate

2   deterrence.  18 U.S.C. § 3553(a).

3   　　　The court commends Trinh for his stellar conduct while incarcerated.  (ECF No. 109

4   at 2).  And the court recognizes BOP's  failure to control the spread of COVID-19 in its

5   facilities, especially at FCC Lompoc.  (ECF No. 109 at 61 (Exhibit 16)).  After inspecting the

6   Lompoc facility earlier this year, the DOJ's OIG reported that BOP's use of home

7   confinement has been "extremely limited."    (*Id.*).    This court's home confinement

8   recommendation for Trinh has likely fallen on deaf ears.  (ECF No. 105 at 5).

9   　　　But this court's denial of compassionate release is consistent with how courts have

10   treated relatively young defendants with COVID-19 risk factors who have served such small

11   fractions of substantial sentences.  *See, e.g.*, *United States v. Rand*, Case No. 3:16-cr-00029-

12   MMD-WGC (D. Nev. May 26, 2020) (ECF No. 770) (denying compassionate release of a

13   57-year old doctor incarcerated at Lompoc who had served 48 months of a 120 month

14   sentence, despite multiple COVID-19 risk factors, because the Section 3553(a) factors

15   outweighed any extraordinary and compelling reasons for release); *United States v.*

16   *Daugerdas*, 2020 WL 2097653 (S.D.N.Y. May 1, 2020) (denying compassionate release of

17   criminal tax convict because he had served less than half of his 180 month sentence).

18   　　　Furthermore, the court does not strictly adhere to the Sentencing Commission's

19   outdated policy statement on sentence modifications.  *See* 18 U.S.C. §  3582(c)(1)(A)

20   (requiring sentence modifications to be "consistent" with applicable Sentencing Commission

21   policy statements).   The policy statement lists specific circumstances related to the

22   defendant's medical condition, age, and family circumstances that are extraordinary and

23   compelling. USSG § 1B1.13.  Nevertheless, Trinh's circumstances are not comparable to the

24   Commission's examples of extraordinary and compelling circumstances, one of which is a

25   defendant that is "at least 65 years old[,] experiencing a serious deterioration in physical or

26   mental health because of the aging process[,] and has served **at least 10 years or 75 percent**

27   **of his or her term of imprisonment**."  USSG § 1B1.13, cmt. 1(B) (emphasis added).

28   . . .

**James C. Mahan**
**U.S. District Judge**

1      Accordingly,

2      IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Trinh's second pro

3 se motion for compassionate release (ECF No. 109) be, and the same hereby is, DENIED.

4      DATED December 2, 2020.

5

6          UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -