UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-CR-287 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| CHANH TRINH, et al., | |
| Defendant(s). | |

Presently before the court is defendant Chanh Van Trinh's third motion for compassionate release under 18 U.S.C. 3582(c)(1)(A). (ECF No. 121). The court appointed the defendant FPD counsel and ordered counsel to file a supplement or notice of non-supplementation to the defendant's motion. (ECF No. 123). Counsel has not done so, nor has the government filed a response to the defendant's motion.

I.     **Background**

Defendant is currently serving a 102-month term of incarceration for conspiring to defraud the United States of approximately six million dollars. (ECF No. 90). Defendant orchestrated the conspiracy, which lasted for around seven years. This court has already denied two previous requests for compassionate release and therefore provides a limited recitation of the facts of this case. (ECF Nos. 105, 111).

Defendant is currently 54 years old. It is undisputed that he suffers from chronic obstructive pulmonary disease and asthma, which the court was aware of at the time of sentencing. Defendant additionally claims that he suffers from pulmonary hypertension, high blood pressure, type two diabetes, and has previously been infected with COVID-19. (ECF No. 121). Defendant is incarcerated at the Federal Correctional Institution at Lompoc ("Lompoc").

**James C. Mahan**
**U.S. District Judge**

Defendant claims he has exhausted his administrative remedies. (ECF No. 121 at 5–6). Defendant is due to finish his term of incarceration on, or around, November 16, 2026. (*Id.* at 4).

## II. Legal Standard

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act; Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018); authorizes the sentencing court to modify a defendant's sentence in limited circumstances. 18 U.S.C. § 3582(c)(1)(A). The court may consider a motion under Section 3582(c)(1)(A) only "upon a motion of the Director of the Bureau of Prisons" or upon the defendant's motion after he has fully exhausted his administrative remedies. *Id.* The defendant may also move for compassionate release if his application to the BOP goes unanswered for thirty days. *Id.*

To grant compassionate release, the court must consider whether: (1) "extraordinary and compelling reasons" warrant release; (2) release would be "consistent with *applicable* policy statements issued by the Sentencing Commission;" and (3) release is warranted under the "particular circumstances of the case" based on the factors outlined in 18 U.S.C. § 3553(a). *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy *any* of these grounds." *Id.* (emphasis added).

For compassionate release motions filed by the defendant, as opposed to the BOP, district courts may consider "*any* extraordinary and compelling reason for release that a defendant may raise." *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). These reasons may include— but are not limited to—terminal illnesses and other medical conditions "that substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or the defendant's advanced age. USSG § 1B1.13.[1]

---

[1] Because USSG § 1B1.13 has not yet been updated to reflect the First Step Act's amendment of 18 U.S.C. § 3582(c)(1)(A), its policy statement is currently only "informative," rather than binding, on district courts. *Aruda*, 993 F.3d at 802.

**James C. Mahan**
**U.S. District Judge**

The court need not "provide a lengthy explanation" for its decision on compassionate release so long as "context and the record reflect that [it] considered the defendant's substantive arguments and offered a reasoned basis" for its decision. *Wright*, 46 F.4th, at 950 (citations omitted). Ultimately, the decision to grant or deny compassionate release is within the district court's discretion. *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

**III.    Discussion**

Defendant argues that he should be compassionately released due to his underlying medical conditions, the ongoing COVID-19 pandemic, and the purportedly inadequate medical treatment he is receiving at Lompoc. (ECF No. 121, at 11). Regarding the effects of COVID-19 and his underlying medical conditions—the same reasons that the court gave for denying defendant's previous motions for compassionate release apply here as well.[2]

Moreover, since the time of defendant's previous motions, the pandemic situation at Lompac has improved. Lompoc currently has zero positive COVID-19 cases among inmates and staff. *BOP COVID-19 Statistics*, FED. BUREAU PRISONS, https://www.bop.gov/coronavirus/covid19_statistics.html (updated every weekday). COVID-19 vaccines and boosters are available to all inmates, and vaccination is widespread. *Id.*

Defendant has not demonstrated extraordinary and compelling reasons to grant compassionate release. He does not substantiate his claim that he is receiving inadequate medical care. The court also determines that, given Lompoc's present infection statistics and vaccination rate, defendant is at low risk of reinfection.

The court also finds that the 18 U.S.C. § 3553(a) factors do not support compassionate release. Defendant has served less than 75 percent of his sentence. His original offense spanned many years and was not his first felony fraud conviction. To grant the defendant compassionate release now would not adequately reflect the seriousness of the offense. It is also worth noting that the court was aware of defendant's age and medical background at the time it imposed its sentence upon him in 2019.

---

[2] The court incorporates by reference its reasoning in its previous orders denying defendant's motions for compassionate release. (ECF Nos. 105, 111).

James C. Mahan
U.S. District Judge

Defendant additionally appears to allege that he should be released to home confinement under the settlement agreement reached in *Garries v. Milusnic*, Case No. No. 2:20-cv-4450-CBM-(PVCx) (C.D. Cal.). (ECF No. 121, at 11). This case is a COVID-19 class-action lawsuit involving the Lompoc facility and its inmates. The settlement agreement required the warden to evaluate certain Lompoc inmates for home confinement, in relation to the COVID-19 pandemic.

However, this court is in no position to evaluate the terms of the settlement agreement in *Garries* and its applicability to the defendant here. If the defendant is entitled to relief under that settlement agreement, he must obtain it through that case. Further, although the compassionate release statute "allows a court to reduce a defendant's term of imprisonment," whether to allow a defendant to serve his term of incarceration on home confinement is "a matter committed to the discretion" of the BOP, not the court. *Wright*, 46 F.4th at 951.

## IV.     Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the defendant's motion for compassionate release (ECF No. 121) be DENIED.

DATED November 3, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -